IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00286-BAH |
| | ) | |
| GRADY DOUGLAS OWENS, | ) | |
|                Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER
PURSUANT TO 18 U.S.C. § 3145(b)**

Grady Owens is a 21-year-old college student with no criminal record who has led a remarkable life helping others. During the January 6th riot on the West Lawn of the U.S. Capitol, his skateboard became a defensive shield in a split second encounter with an unknown force that surprised him. He did not seek to incapacitate or injure a police officer. Grady has never advocated violence against any person or government.

Pursuant to 18 U.S.C. § 3145(b), Grady Owens respectfully moves this Honorable Court to revoke the detention order issued by Magistrate Judge Daniel C. Irick in the Middle District of Florida (MDFL) on April 2, 2021. *See* Order of Detention Pending Trial (MDFL 6:21-mj-1286-DCI, ECF No. 13). We respectfully request that the Court release Grady to the third party custody of Joy Towell in Blanco, Texas under 18 U.S.C. § 3242(c)(1)(B)(i). She serves as Worship Pastor and Music Leader at Community Bible Church Bulverde in Spring Branch, Texas. *See* Letter to Court (Exhibit A). We also request the Court order Home Detention and GPS Monitoring with courtesy supervision by Pretrial Services in the Western District of Texas (Austin Division).

## I. PROCEDURAL HISTORY

On April 1, 2021, federal agents arrested Grady in Winter Park, Florida on a Complaint warrant filed in this Court on March 30th (ECF No. 1). That same day, an initial appearance and temporary detention occurred in the Middle District of Florida (Orlando Division). On April 2nd, Judge Irick held a detention hearing in accordance with the Bail Reform Act (BRA), 18 U.S.C. § 3142(f) and, based on the government's proffered evidence regarding an alleged violation of 18 U.S.C. § 111(b), Assaulting, Resisting or Impeding an Officer by Using a Dangerous Weapon (Statement of Facts, ECF No. 1-1), ordered Grady detained pending trial because "No condition or combination of conditions of release will reasonably assure the safety of any other person and the community." *See* Order*, supra*. This conclusion was based on findings made after reviewing the factors listed in 18 U.S.C. § 3142(g). There was no evidence proffered that would justify detention due to a serious risk of flight.

A six-count indictment was returned on April 7th with the second count containing the detention eligible offense of 18 U.S.C. § 111(b) which is a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A). On April 16th, this Court arraigned Grady Owens via video conference and granted his consent motion to delay transport pending resolution of the instant motion. He is being held at the Orange County Jail in Orlando, and a virtual status / motion hearing is set for May 10th at 10 a.m.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may file "a motion for revocation or amendment of the order" with "the court having original jurisdiction over the offense." Although the U.S. Court of Appeals for the District of Columbia

Circuit has not ruled on the issue, every circuit to analyze the matter has found that a magistrate judge's detention order is subject to *de novo* review by the district court. *See United States v. Hunt*, 240 F. Supp. 3d 128, 132 (D.D.C. 2017) (collecting cases). To determine whether pretrial detention is warranted for dangerousness, the district court must "take into account the available information concerning--" (1) "the nature and seriousness of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(1)-(4).

### III. *MUNCHEL* GUIDANCE ON DANGEROUSNESS

At the Court's suggestion, we focus primarily on recent guidance from our Circuit Court on detention orders in the wake of the January 6th riot.[1] This exercise will overlap with some of the § 3142(g) factors. As to the critical issue of whether Grady Owens currently endangers others, "to justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other and the community.'" *United States v. Munchel*, 2021 WL 1149196, at 4 (D.C. Cir. March 26, 2021) (quoting 18 U.S.C. § 3142(f)). It is the *government's burden* to show that the defendant presents an ongoing "*articulable threat* to an individual or the community" that cannot be sufficiently mitigated by release conditions. *Id.* (emphasis added) (quoting *United States v. Salerno*, 481 U.S. 739, 751 (1987)). "Thus, a defendant's detention based on dangerousness accords with due process *only insofar* as the district court determines that the

---

[1] According to a timeline of the January 6th events, the Metropolitan Police Department declared the assembly at the Capitol to be a riot at 1:50 p.m.
https://www.npr.org/2021/01/15/956842958/what-we-know-so-far-a-timeline-of-security-at-the-capitol-on-january-6
The alleged assault in this case occurred 10 minutes later when approximately 33 members of the Civil Disturbance Unit (CDU) progressed through the West Lawn to quell the riot. Statement of Facts (ECF No. 1-1).

defendant's history, characteristics, and alleged criminal conduct make clear that he or she poses a *concrete, prospective threat to public safety*." *Id.* at 11 (emphasis added).

Any determination of dangerousness depends on the specific circumstances of each defendant.  "[W]hether a defendant poses a particular threat depends on the nature of the threat identified and the resources and capabilities of the defendant." *Id.* at 7.  But for his surprise collision with the CDU officer, there is little to promote the government's dangerousness claim against Grady.  He made no threats of violence in person or on social media before, during or after the January 6th riot at the Capitol.  Grady dressed casually that fateful day with no body armor or tactical gear.  He used the skateboard for transport around the City.  Shortly before the alleged assault, he picked it up as the crowd pressed against him.  Indeed, the pictures in the government's statement of facts show him holding it in front of his body and face in a defensive posture. (ECF No. 1-1).  On this heartbreaking day, the West Lawn was a moshpit where good and bad actors were hard to discern.  As to this unique defendant's history and characteristics, the admiration and support in the letters from family and friends confirm that Grady Owens is a kind young man devoted to his family, friends and church and is most certainly not an ongoing threat to anyone or the community.  *See* Letters to Court (Exhibit B - Family; Exhibit C - Friends).

We are mindful of *Munchel's* observation that "those who actually assaulted police officers and broke through windows, doors and barricades, and those who aided, conspired with, planned, or coordinated such actions are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *Munchel*, 2021 WL 1149196, at 8.  But even if Grady's alleged conduct puts him in this category, it should not be an automatic justification for detention.  There are other defendants facing § 111(b) charges for

assaulting officers who, like Grady, did not engage in planning activities and were released without objection from the government. *See* Statement of Facts (Jan. 18, 2021), ECF No. 1-1 & Min. Entry (Jan. 19, 2021), *United States v. Gossjankowski*, 21-cr-123-PLF (D.D.C) (defendant used taser within tunnel multiple times as he pushed towards the police line); Statement of Facts (Feb. 9, 2021), ECF No. 1-1 & Min. Entry (Feb. 17, 2021), *United States v. Blair*, No. 21-cr-186-CRC (D.D.C.) (defendant struck an officer in the chest with a lacrosse stick).

Other § 111(b) defendants have been released over the government's objection. *See, e.g.,* Statement of Facts (Jan 13, 2021), ECF No. 1-1 & Min. Entry (March 2, 2021), *United States v. Sanford*, 21-cr-86-PLF (D.D.C.) (defendant threw fire extinguisher that hit one officer and careened off two other officers' helmets); Statement of Facts (Feb. 16, 2021), ECF No. 1-1 & Min. Entry (April 9, 2021), *United States v. Coffee*, 21-mj-236 (D.D.C.) (defendant used a crutch to assault an officer at the archway to the tunnel and charged at several other officers in the tunnel with the crutch). Statement of Facts (March 2, 2021), ECF No. 1-1 & Memo. Op. (April 12, 2021), *United States v. Klein*, 21-cr-236-JDB (D.D.C.) (defendant shoved a plastic riot shield into the bodies of officers attempting to break the police line). In contrast to Grady's instantaneous event, these alleged assaults by other defendants appear to be sustained and deliberate attempts to injure or incapacitate officers.

We also direct the Court's attention to the case of *United States v. Mark Jefferson Leffingwell*, 21-cr-005-ABJ (D.D.C.), Statement of Facts (Jan. 7, 2021), ECF No. 1-1 & Min Entry (Jan. 8, 2021). Mr. Leffingwell is charged with assaulting an officer (18 U.S.C. § 111(a)(1)) but *inside* the Capitol building and allegedly used his fists to strike the officer in his head and chest. Mr. Leffingwell was released on January 8th without objection by government.

I.  **SECTION 3142(g) FACTORS**

   A. **Nature and Circumstances of the Offense**

The first factor to consider is "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). In *United States v. Chrestman*, 2021 WL 765662, at 7 - 8 (D.D.C. Feb. 26, 2021) (Howell, C.J.), this Court set forth six "guideposts" for assessing "the comparative culpability of a given defendant in relation to fellow rioters." Whether a defendant:

(1) "has been charged with felony or misdemeanor offenses" - Grady Owens faces 4 felonies (§111(b) is a crime of violence but no count earns a rebuttable presumption of dangerousness under the BRA) and 2 misdemeanors.

(2) "engaged in prior planning before arriving at the Capitol" - Grady made no plans regarding putative criminal conduct prior to the January 6th riot.

(3) "carried a dangerous weapon during the riot" - Grady used the skateboard as designed until the crush of the crowd forced him to pick it up.

(4) "coordinat[ed] with other participants before, during, or after the riot" - in all candor to the Court, Grady's father was charged last week with assaulting an officer during the January 6th riot but neither is charged with conspiracy and counsel is unaware of any alleged conspiratorial acts done by father and son.

(5) "assumed either a formal or a de facto leadership role in the assault by encouraging other rioters' misconduct" - No evidence to date.

(6) "the nature of "the defendant's words and movements during the riot" including whether he "damaged federal property," "threatened or confronted federal officials or law enforcement, or otherwise promoted or celebrated efforts to disrupt the

6

certification of the electoral vote count during the riot" - Grady never entered the Capitol building, did not celebrate the chaos of the riot on social media or elsewhere and although he allegedly injured an officer in an abrupt confrontation, his posture was defensive.

These guideposts also inform the § 3142(g)(4) factor analysis on "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. at 9. The sole guidepost for the government is that Mr. Owens has been charged with 4 felonies and 2 misdemeanors.

### B. Weight of the Evidence

At this early juncture of the case, counsel is relying exclusively on the Statement of Facts (ECF 1-1) to assess the government's evidence. In fairness to my worthy adversary, an agreed protective order awaits Grady's signature but efforts to send this document to him have been unavailing. Hopefully, we will get it signed shortly and robust discovery will soon follow.

Obviously, the parties have two divergent perspectives on the facts and motivations embedded in this case. To be clear, the defense view is that Grady reacted instinctively to protect himself against an unknown threat. The lack of clearly incriminating evidence against Grady that exists in other January 6 riot cases, such as violent social media postings, sustained battles with multiple police officers, and coordination with other agitators, bolsters our take on this case. The recent outpouring of love and goodwill for Grady Owens comforts and inspires us as well.

### C. History and Characteristics of Grady Owens

We hope the Court will gain a better understanding of Grady Owens through the letters of support from family and friends. By all accounts, he is a gentle non-violent person.

The strong ties to his parents, siblings, grandparents, aunts, uncles and cousins are

wonderful.  His friends confirm Grady's peaceful and selfless nature.  His devotion to the church community, leading music services and missionary trips abroad, is particularly inspiring.  On top of all this, he has no criminal record, not even a speeding ticket.  His candor in admitting to periodic use of alcohol and marijuana exemplifies his truthful character.  Grady hopes to complete his college education at Full Sail University by attending virtual classes so he can pursue his musical dreams.

### D. Nature and Seriousness of the Danger

The last factor the Court must consider is "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g)(4).  "Consideration of this factor encompasses much of the analysis set forth above, but it is broader in scope," requiring an open-ended assessment of the 'seriousness' of the risk to public safety.  *United States v. Taylor*, 289 F.Supp. 3d 55, 70 (D.D.C. 2018).

The government bears the ultimate burden of proving that no condition or combination of conditions is sufficient to negate the risk of the accused's dangerousness by clear and convincing evidence.  18 U.S.C. §3142(e)(1); *see United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)).  Clear and convincing evidence means proof that the defendant *actually poses a danger to the community*, not that a defendant "in theory" poses a danger.  *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991).  Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty.  *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).  The government is unable to establish a probability that Grady will commit crimes if released, let alone a *strong probability*.

8

We humbly suggest to the Court that a fair application of the § 3142(g) factors above to the unique facts and circumstances of this case will safely permit the return of Grady Owens to his family and friends in Blanco, Texas. These people will love, nurture and fully support him during this difficult time.

Finally, we note that Grady is currently prescribed medicine for asthma. The Center for Disease Control (CDC) has confirmed that people with even a moderate condition are more likely to be hospitalized from a COVID-19 infection.
*See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html.

During the Pandemic, the Court has released dozens of previously detained defendants due to similar vulnerabilities to COVID-19. And as the Court knows, Judge Kollar-Kotelly has found that the D.C. Jail facilities have not provided adequate care for pretrial detainees during the pandemic. *Banks v. Booth*, No. 20-cv-849-CKK. We beseech the Court to keep Grady safe and not subject him to potential peril by transporting him to this District.

Wherefore, we ask this Court to revoke the detention order and release Grady Owens to a third party custodian, Pastor Joy Towell, with Home Detention and GPS Monitoring supervised by Pretrial Services in the Western District of Texas.

        Respectfully submitted,

        _____/ s /_____
        Pat Munroe Woodward, Jr., Esq.
        D.C. Bar No. 436662
        1783 Forest Drive, No. 330
        Annapolis, MD  21401
        Phone:  202-246-4679
        Fax:  410-216-9812
        patmwoodwardjr@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2021, I electronically filed the foregoing pleading with the Clerk of Court using the CM / ECF system, which will send an electronic notification of such filing to all counsel of record.

_____/s/_____
Pat Munroe Woodward, Jr., Esq.
Counsel for Mr. Owens
