UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-286 (BAH) |
| v. : | |
| : | |
| GRADY DOUGLAS OWENS : | |
| : | |
| Defendant. : | |

**RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's June 16, 2021 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*, Case No. 21-mc-87. The government is in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

1

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the detention hearing held in this matter in the District of Columbia on May 10, 2021. *See* Petitioners' Memorandum of Points and Authorities in Support of Motion (ECF No. 1-1), at 4-5, 16. Although they were not played in open court, the government submitted three videos to this Court in conjunction with its filings (Exhibits 2, 3, and 4), and the defendant submitted one video (Exhibit A). Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in this Court's decision on detention, and they were not subject to a sealing order, the government does not object to their disclosure at this time.

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

                    Respectfully submitted,

                    CHANNING PHILLIPS
                    Acting United States Attorney
                    D.C. Bar No. 415793

By:         /s/
                    JENNIFER M. ROZZONI
                    Assistant United States Attorney
                    NM Bar No. 14703
                    201 3rd Street, Suite 900
                    Albuquerque, NM   87102
                    Tele: 505-350-6818
                    jennifer.m.rozzoni@usdoj.gov

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the parties or counsel of record to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on June 22, 2021.

    /s/
JENNIFER M. ROZZONI
Assistant United States Attorney