IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                                                        ) | Case No. 21-cr-00286-BAH |
| ) | |
| GRADY DOUGLAS OWENS,            ) | |
| Defendant.            ) | |
| _____) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S IN LIMINE MOTIONS**

Defendant Grady Owens, through undersigned counsel, respectfully responds to the Government's three *In Limine* motions filed on October 14, 2022 (ECF Nos. 84, 85 & 86). We understand and agree with the Government's security concerns in its motions to limit cross-examination of witnesses about Secret Service Agency protection details (ECF No. 84) and the location of surveillance cameras at the United States Capitol (ECF No. 86). However, we respectfully assert that the Due Process Clause of the Fifth Amendment gives Grady the fundamental right to defend himself against an assault allegation (ECF No. 85).

To be clear, no officer attempted to arrest Grady before his encounter with the complainant officer. No officer announced their presence or verbally asserted their lawful authority to Grady or the compressed crowd as the officers approached from the rear. The crowd's uniform reaction of surprise and shock after the split-second encounter confirms they were startled by the sudden presence of the Metropolitan Police Department's Civil Disturbance Unit on the West Lawn of the Capitol. *See* Defendant's Reply ECF No. 15, Exhibit A (Body Worn Camera video submitted to Court via USAFx). A screenshot at 13:59:59 shows the officer initiated contact with Grady while he clutches the skateboard to his chest. *Id.* at 1.



The above screenshot is from a 23 second phone video by Grady that ends abruptly when the officer grabs him.  That phone was seized by federal agents on April 1, 2021, and the Government disclosed this video to counsel as discovery.  While the Government did not label the video as exculpatory evidence pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), it does show Grady's attention focused upwards toward the Capitol dome in the seconds before his surprise contact with the officer.  It is another honorable disclosure by Assistant United States Attorney Jennifer M. Rozzoni, Deputy Chief of the Capitol Riot Breach and Assault Unit.  Prior *Brady* evidence included a grand jury transcript with wrong information, medical records that did not describe a skateboard nor prove a claimed concussion and timely interviews of officers stationed at the East Rotunda door that disclaimed any assault by Grady.

    The Government has not charged Grady with any assault on the East Side of the Capitol.  Nor has it filed a Federal Rules of Evidence (FRE) 404(b)(3) notice to establish the claim that "Defendant Grady Owens appears to have, again, swung his skateboard at a uniformed officer."  ECF No. 85 at 4.  This pejorative reference to Grady's use of a skateboard is irrelevant and unfairly prejudicial under FRE Rule 403.

    The cases cited by the Government to foreclose a claim of self-defense presume a defendant's awareness of police presence and a reasonable opportunity for a defendant to accede to their lawful authority.  The specific facts of this case do not support these presumptions.

                                                         Respectfully submitted,

                                                           _____/ s /_____
                                                          Pat Munroe Woodward, Jr., Esq.
                                                          D.C. Bar No. 436662
                                                          1783 Forest Drive, No. 330
                                                          Annapolis, MD  21401
                                                          Phone:  202-246-4679
                                                          patmwoodwardjr@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of October, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM / ECF system, which will send an electronic notification of such filing to all counsel of record.

                                                                       /s/
                                        Pat Munroe Woodward, Jr., Esq.
                                        Counsel for Mr. Owens